<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 09-4707**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOSEPH R. BEILHARZ,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Leonie M. Brinkema,
District Judge. (1:09-cr-00105-LMB-1)

───────────────

Submitted: April 16, 2010        Decided: May 13, 2010

───────────────

Before NIEMEYER, DUNCAN, and DAVIS, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Chong C. Park, CLARK & ALLEN, PC, Leesburg, Virginia, for
Appellant. Neil H. MacBride, United States Attorney, Timothy D.
Belevetz, Assistant United States Attorney, Alexandria,
Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph R. Beilharz appeals his conviction and ninety-two month sentence imposed following a jury trial on one count of conspiracy to commit arson, in violation of 18 U.S.C. § 844(n) (2006), two counts of mail fraud, in violation of 18 U.S.C. § 1341 (2006), and one count of money laundering, in violation of 18 U.S.C. § 1957 (2006). On appeal, Beilharz contends that the Government's disclosure of expert witness testimony was untimely under Federal Rule of Criminal Procedure 16(a)(1)(G). As a result, Beilharz argues that the district court's admission of that testimony was an abuse of discretion and a violation of his Sixth Amendment right to compulsory process. Finding no reversible error, we affirm.

We review the district court's admission or exclusion of evidence only for abuse of discretion. United States v. Young, 248 F.3d 260, 266 (4th Cir. 2001). The same standard applies to the district court's decision as to whether a party has complied with Rule 16. Id. at 269. However, even if the district court abused its discretion, we will reverse only upon a showing that the error was not harmless. United States v. Johnson, 587 F.3d 625, 637 (4th Cir. 2009); see Fed. R. Crim. P. 52(a) ("[A]ny defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

2

Rule 16(a)(1)(G) requires the government to disclose, at the defendant's request, "a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." The summary must "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. Fed. R. Crim. P. 16(a)(1)(G). Upon Beilharz's motion, the district court issued a pre-trial order closely tracking the requirements of Rule 16(a), including subsection (a)(1)(G). Importantly, neither Rule 16(a) nor the district court's pre-trial order required the Government to disclose expert testimony offered in rebuttal.

Two days prior to trial, the Government identified two expert witnesses it could call in rebuttal of laboratory reports Beilharz intended to introduce as evidence. At trial, during recross-examination of the fire marshal who investigated the fire, Beilharz sought to introduce three laboratory reports from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). After a bench conference, the district court admitted the reports as part of Beilharz's case-in-chief and permitted the Government to introduce expert witness testimony to explain the reports.

After reviewing the transcript of the trial proceedings, we conclude that the expert testimony offered by

3

the Government is most appropriately classified as rebuttal evidence and the district court did not abuse its discretion in deeming it rebuttal. See United States v. Stitt, 250 F.3d 878, 897 (4th Cir. 2001) (stating that "[r]ebuttal evidence is defined as evidence given to explain, repel, counteract, or disprove facts given in evidence by the opposing party. That which tends to explain or contradict or disprove evidence offered by the adverse party.") (internal quotation marks and brackets omitted). Accordingly, because Rule 16(a)(1)(G) is explicitly applicable only to expert testimony offered in the government's case-in-chief and not rebuttal experts, the district court did not abuse its discretion in admitting the testimony. See United States v. Windham, 489 F.2d 1389, 1392 (5th Cir. 1974) (stating that "[r]ebuttal witnesses are a recognized exception to all witness disclosure requirements."); accord United States v. Frazier, 387 F.3d 1244, 1269 (11th Cir. 2004); United States v. DiCarlantonio, 870 F.2d 1058, 1063 (6th Cir. 1989); United States v. Barrett, 766 F.2d 609, 617 (1st Cir. 1985); United States v. Angelini, 607 F.2d 1305, 1308-09 (9th Cir. 1979). Further, the admission of the testimony did not violate Beilharz's Sixth Amendment rights.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

AFFIRMED